UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

ANTHONY BUSH,

Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/2020_____
```

17 Cr. 611-4 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Anthony Bush, a prisoner serving his sentence at FCI Schuylkill, moves for a reduction of his term of imprisonment under the federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A). Def. Mem., ECF No. 678. The Government opposes this relief. Gov't Opp., ECF No. 680.

For the reasons stated below, the motion is DENIED.

## BACKGROUND

On July 16, 2018, Bush pleaded guilty to conspiracy to violate the racketeering laws of the United States in violation of 18 U.S.C. § 1962(d), and conspiracy to distribute, and possess with intent to distribute, 28 grams and more of mixtures and substances containing cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. *See* ECF Nos. 192, 199, 603. Among other acts in furtherance of his membership in two street gangs, MBG and YGz, Bush fired a gun at a crowd of people in the courtyard of a housing development, though no one was hit. Sentencing Tr. at 13:2–6, ECF No. 609; Presentence Report ¶ 80, ECF No. 560. Bush was sentenced to 60 months' imprisonment, the mandatory minimum sentence for the controlled substances offense, to be followed by four years of supervised release. ECF No. 603; *see* 21 U.S.C. § 841(b)(1)(B).

Bush is 30 years old. *See* Presentence Report at 2. He states that he is asthmatic, and suffered a scabies infection during his pretrial detention. Def. Mem. at 2. His medical records do not

provide any indication of the nature or severity of his asthma, although the Court notes that he was

prescribed an inhaler in January 2020.  *See* Gov't Opp. at 3–4; 2020 BOP Records at 18.[1]

Bush submitted a request for the Bureau of Prisons ("BOP") to seek compassionate release on

his behalf, which the warden of FCI Schuylkill denied on June 10, 2020.  ECF No. 678-1.

## ANALYSIS

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify

terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except
> that— . . . in any case—the court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the defendant has fully exhausted all
> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on
> the defendant's behalf or the lapse of 30 days from the receipt of such a request by the
> warden of the defendant's facility, whichever is earlier, may reduce the term of
> imprisonment (and may impose a term of probation or supervised release with or
> without conditions that does not exceed the unserved portion of the original term of
> imprisonment), after considering the factors set forth in section 3553(a) to the extent
> that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a
> reduction is consistent with applicable policy statements issued by the Sentencing
> Commission.

Accordingly, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant

must both meet the exhaustion requirement and demonstrate that "extraordinary and compelling

reasons" warrant a reduction of his sentence.  In this case, Bush has met the exhaustion requirement,

---

[1] The Government filed Bush's BOP medical records under seal. The Court finds that Bush's privacy interest in his
medical records outweighs the public right of access to judicial documents, and so will permit those filings to remain
under seal—though, because both parties' filings discuss the essential facts of those records publicly, the Court will not
redact the portion of this order that addresses Bush's medical history. *See United States v. Ebbers*, 432 F. Supp. 3d 421,
423 n.1 (S.D.N.Y. 2020) ("This [o]pinion includes details of [movant's] medical tests, results, and diagnoses.  The vast
majority of these details are in the public record, summarized in the motion papers and subsequent letters on the docket
from [movant's] counsel and the Government.  The medical records themselves remain under seal, but the Court draws a
limited number of details from them for the purposes of this [o]pinion." (citations omitted)); *Wheeler-Whichard v. Doe*,
No. 10 Civ. 358S, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010) ("[D]istrict courts routinely file medical records
under seal . . . .").

because he submitted and, on June 10, 2020, FCI Schuylkill's warden denied, a request for compassionate release.  ECF No. 678-1.

However, the Court cannot conclude that extraordinary and compelling reasons warrant a reduction of Bush's sentence.  The authority to define "extraordinary and compelling reasons" has been granted to the United States Sentencing Commission, which has defined that term at U.S.S.G. § 1B1.13, cmt. n.1.  *See United States v. Ebbers*, 432 F. Supp. 2d 421, 427–428 (S.D.N.Y. 2020). Two components of the definition are relevant.  First, extraordinary and compelling reasons for modification exist where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).  Second, U.S.S.G. § 1B1.13 cmt. n.1(D) authorizes release based on "an extraordinary and compelling reason other than, or in combination with, the [other] reasons described."

Bush has not adduced evidence of "a serious physical or medical condition" that would put him at particular risk were he to contract COVID-19.  The Court, therefore, cannot find extraordinary and compelling circumstances on that basis.  *See, e.g.*, *United States v. Lopez*, No. 11 Cr. 1032-15, 2020 WL 4450941, at *3 (S.D.N.Y. Aug. 3, 2020) ("Lopez, notably, does not even claim to have any medical conditions that would put him at heightened risk were he to contract COVID-19. . . . Therefore, although the pandemic itself presents extraordinary circumstances, it is far from clear that Lopez has offered a 'compelling reason' for release.").

That is not to say that the Court is persuaded that the BOP or FCI Schuylkill have taken sufficient measures to prevent the spread of COVID-19.  Bush alleges that he shares a cell, sink and toilet with another inmate from whom it is impossible to maintain any social distance, shares showers with approximately 160 other inmates, eats meals at communal tables at which social distancing is

not possible, and that mask wearing is not required within his 160-inmate unit.  Def. Mem. at 5.  He

also reports that is impossible to keep his living quarters properly sanitized, that he is not provided

with hand sanitizer, and that the bathroom lacks ventilation.  *Id.*  These allegations are disturbing.

But, standing alone, they do not constitute extraordinary and compelling reasons to reduce Bush's

sentence.

Nor has Bush put forward any other extraordinary and compelling reason justifying

compassionate release.  He notes that FCI Schuylkill has been on either full or partial lockdown since

he arrived there in March 2020, stymieing his ability to participate in rehabilitative programs.  Def.

Mem. at 4–5.  Though such a situation is frustrating and counterproductive, it cannot justify cutting

Bush's sentence short by more than two years.  He also states that the mother of his son has struggled

to balance caring for their child and working, a situation that has been exacerbated by the COVID-19

pandemic and the ensuing shutdown.  *Id.* at 5.  The Court noted at sentencing that Bush is a loving

and nurturing father to his son, and was a source of financial support.  Sentencing Tr. at 14:2–10.

His incarceration is undoubtedly a heavy burden on his family.  But, in light of the fact that Bush's

five-year sentence was the statutory minimum, the Court cannot conclude that extraordinary and

compelling reasons for compassionate release exist on that basis alone.

## CONCLUSION

Accordingly, Bush's motion for release under 18 U.S.C. § 3582(c)(1)(A) is DENIED.  The

Clerk of Court is directed to terminate the motion at ECF No. 678.

SO ORDERED.

Dated: August 18, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge