USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/21/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

ANTHONY BUSH,

Defendant.

17 Cr. 611-4 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On August 18, 2020, the Court entered an order (the "Order") denying Defendant, Anthony Bush's, motion for a reduction of his term of imprisonment under the federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A). ECF No. 681. On May 5, 2021, Bush filed a second motion for compassionate release. Def. Mem., ECF No. 728.[1] For the reasons stated below, Bush's motion is DENIED.

## DISCUSSION

I. Legal Standard

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)   extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

---

[1] Bush's time to reply to the Government's opposition expired on June 3, 2021. ECF No. 731. Bush did not file a reply, and therefore, the Court considers the motion fully briefed.

In order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Bush must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence.  The Court should also consider the factors listed in 18 U.S.C. § 3553(a), which, as applicable here, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct; [and]
> (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a).

The Court concludes, and the parties do not dispute, that Bush has exhausted his administrative remedies.  Def. Mem. at 2–3; ECF No. 728-1; Gov't Opp'n, ECF No. 732. Therefore, the Court only addresses whether Bush has stated an extraordinary and compelling reason for release, and whether that reason is outweighed by the § 3553(a) factors.

The United States Sentencing Commission has defined "extraordinary and compelling reasons" at U.S.S.G. § 1B1.13, cmt. n.1.  *See United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4–5 (S.D.N.Y. Jan. 8, 2020).  The definition, as relevant, states that extraordinary and compelling reasons for modification exist where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).  The Second Circuit recently clarified, however, that where, as here, a motion for compassionate release is brought by a defendant, rather than by the BOP, Guideline § 1B1.13 is "not applicable." *United States v. Brooker*, 976

F.3d 228, 236 (2d Cir. 2020) (quotation marks omitted).  Accordingly, this Court is empowered to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," and is not bound by Guideline § 1B1.13.  *Id.* at 237.

Courts have granted modified sentences in light of COVID-19 for inmates with illnesses or injuries that make them particularly vulnerable to COVID-19.  *See, e.g.*, *United States v. Yu*, No. 90 Cr. 47-6, 2020 WL 6873474, at *4 (S.D.N.Y. Nov. 23, 2020) (collecting cases).  By contrast, in cases where an inmate does not suffer such illnesses or injuries, courts in this district have denied requests for compassionate release.  *See, e.g.*, *United States v. Brooks*, No. 11 Cr. 206, 2020 WL 6946589, at *2 (S.D.N.Y. Nov. 24, 2020); *United States v. Zehner*, No. 19 Cr. 485, 2020 WL 1892188, at *2 (S.D.N.Y. Apr. 15, 2020).

II. Analysis

In the Order, the Court held that Bush did not meet his burden under 18 U.S.C. § 3582(c).  Order at 3–4.  In so finding, the Court considered his health conditions, the conditions of his imprisonment during the COVID-19 pandemic, and the burden his imprisonment imposed on his family, and found that these considerations did not give rise to extraordinary and compelling reasons for release.  *Id*. at 3–4.  Bush now contends that the harsh conditions of confinement and the BOP's failure to contain COVID-19 among inmates, and his family circumstances, warrant a reduction of his sentence.  Def. Mem. at 4–8.

Bush has apparently contracted and recovered from COVID-19.  Def. Mem. at 4; Med. Records at 1.[2]  Where a defendant has contracted and recovered from coronavirus, courts in this

---

[2] The Government filed Bush's BOP medical records under seal.  Because Bush's privacy interest in his medical records outweighs the public right of access to judicial documents, the Court shall maintain the records under seal.  However, given that both parties' filings discuss the essential facts of those records publicly, the Court shall not

district have declined to find extraordinary and compelling factors favoring release. *United States v. Marley*, 16 Cr. 374, 2020 WL 7768406, at *2–3 (S.D.N.Y. Dec. 30, 2020) ("[N]ow that [defendant] has contracted and recovered from [COVID-19] . . . there is no basis to find that [defendant] has demonstrated the extraordinary and compelling circumstances necessary to afford him the exceptional relief of a sentence reduction."); *United States v. Perez*, No. 04 Cr. 937-1, 2020 WL 4677586, at *1 (S.D.N.Y. Aug. 11, 2020) ("While it is unfortunate that defendant suffered from COVID-19 while in custody, contraction of a disease generally does not constitute an extraordinary and compelling basis for release. The fact that defendant recovered from COVID-19 further supports this conclusion.").

Moreover, Bush has also refused the COVID-19 vaccine. Med. Records at 15. In such instances, courts in this district and elsewhere have nearly uniformly denied compassionate release sought for medical reasons. *See, e.g.*, *United States v. King*, No. 16 Cr. 478, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021) (denying compassionate release when defendant refused the COVID-19 vaccine, and his only medical condition was a BMI of 30.6); *United States v. Greenlaw*, No. 18 Cr. 98, 2021 WL 1277958, at *6 (D. Me. Apr. 6, 2021) (collecting cases). The Court agrees. Bush's refusal to take a vaccine that has been shown to be effective at preventing COVID-19, and that will "reduce[] the risk of COVID-19 and its potentially severe complications" and "help protect against severe illness" should he be infected, undercuts his fear of infection. *COVID-19 Vaccines Work*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last updated May 20, 2021); s*ee Greenlaw*, 2021 WL

---

redact the portion of this order that addresses Robinson's medical history. *See United States v. Ebbers*, 432 F. Supp. 3d 421, 423 n.1 (S.D.N.Y. 2020) ("This [o]pinion includes details of [movant's] medical tests, results, and diagnoses. The vast majority of these details are in the public record, summarized in the motion papers and subsequent letters on the docket from [movant's] counsel and the Government. The medical records . . . remain under seal, but the Court draws a limited number of details from them for the purposes of this [o]pinion." (citations omitted)).

1277958, at *7 ("To reward [defendant] for his vaccination refusal would create a perverse incentive for defendants . . . to refuse COVID-19 vaccines and put their lives and the lives of others in jeopardy in an effort to bolster their compassionate release motions.").

In so ruling, the Court is not ordering Bush to undergo a vaccination; he has the right to refuse medical treatment. *Greenlaw*, 2021 WL 1277958, at *7. Nor does it deny that Bush may have personal reasons to be wary of the vaccine. *But see Safety of COVID-19 Vaccines*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/safety-of-vaccines.html (last updated July 13, 2021) ("COVID-19 vaccines are safe and effective . . . Millions of people in the United States have received COVID-19 vaccines under the most intense safety monitoring in U.S. history. . . . Serious side effects that could cause a long-term health problem are extremely unlikely following . . . COVID-19 vaccination."). Nevertheless, Bush's comparative youth, his lack of serious diagnosed medical conditions, his already having recovered from COVID-19, and his refusal to be vaccinated, undermine his claim that there is an extraordinary and compelling reason for release. *See United States v. Colon*, No. 18 Cr. 6040, 2021 WL 1246187, at *3 (W.D.N.Y. Apr. 5, 2021) (denying compassionate release where a young defendant refused to accept the COVID-19 vaccine).

Moreover, although the Court is aware of the difficult conditions of Bush's confinement, these universal conditions do not give rise to extraordinary and compelling circumstances. *United States v. Scronic*, No. 18 Cr. 43, 2020 WL 7048245, at *2–3 (S.D.N.Y. Nov. 30, 2020). And, as the Court found in the Order, the burden placed on Bush's family does not in itself give rise to an extraordinary and compelling reason for release. *See* Order at 4.

The Court does not disregard the risk that Bush may be reinfected with COVID-19, or the devastating effects COVID-19 can have on even healthy individuals. The Government has an

5

obligation to protect every person in its custody from the threat COVID-19 presents. *See Valentine v. Collier*, 140 S. Ct. 1598, 1601 (2020) (Sotomayor, J., statement respecting the denial of application to vacate stay) ("[I]n this pandemic . . . inmates everywhere have been rendered vulnerable and often powerless to protect themselves from harm. May we hope that our country's facilities serve as models rather than cautionary tales."). However, this does not present an extraordinary and compelling reason for release.

The Court concludes, therefore, that Bush has not satisfied his burden under 18 U.S.C. § 3582(c).

## CONCLUSION

Accordingly, Bush's motion for compassionate release is DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 728 and 732.

SO ORDERED.

Dated: July 21, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge